JONES, Justice.
The sole issue presented by this appeal is whether the trial judge erred in refusing to grant the defendants’ motion for new trial, which motion was based, in large part, on the alleged perjured testimony of one of the plaintiff’s witnesses.
At the outset, we note that “the determination of whether to grant or deny a new trial is for the trial judge, and an order granting or denying a motion for new trial on the basis of newly discovered evidence will not be disturbed on appeal, unless it appears that the trial court abused its discretion.” Talley v. Kellogg Co., 546 So.2d 385, 388 (Ala.1989). For a statement of the rule narrowing the trial court’s discretionary prerogative to grant a new trial on a “weight of the evidence” ground, where the jury verdict is supported by the evidence, see Jawad v. Granade, 497 So.2d 471 (Ala.1986).
In March 1988, the plaintiff, Linda English, filed a breach of contract action, containing two counts. In the first count, she alleged that the defendants had breached an agreement to pay her one-half of 1% of the gross sales of the first 4,600 memberships sold by the defendants in a business formerly known as the Lake Guntersville Company Resort, Inc., now named Mountain Lakes Resorts, Inc. The plaintiff sought $35,000 in damages. Later, she amended the demand for judgment in count I to change the damages claimed from $35,-000 to $88,000. In the second count, the plaintiff alleged that in March 1986 she and the defendants entered into an agreement whereby the defendants promised her that she would remain employed at the resort *799 until such time as all of the memberships were sold, and that this agreement was breached when she was discharged. Plaintiff sought $100,000 in damages on that claim.
The case was tried before a jury in August 1989. The jury returned a verdict in favor of the plaintiff in the amount of $34,000 under count I and a verdict in favor of the defendants under count II. Counsel for the defendants thereafter filed a motion for new trial as to count I, alleging that the trial court had erred on several counts to the prejudice of the defendants, and that perjured testimony, material to the case, was given by plaintiffs witness Morris Ball. By order of the court, Ball was deposed by the defendants regarding his testimony at trial. Ball admitted that portions of his testimony at trial were incorrect. The trial court, however, entered an order denying the defendants’ motion for new trial. This appeal is from that order.
The trial court, in denying the defendants’ motion for new trial, wrote, in pertinent part, as follows:
“The witness [Morris Ball] apparently owned two kinds of ‘override agreements’ as they were called by all of the parties....
“Ball testified he sold his ‘override agreements’ back to the corporation. The effect of this testimony would tend to show that his ‘overrides’, which represented services rendered and which were similar to the ‘override’ held by plaintiff for services rendered and upon which the judgment is based,- had not been abandoned or rescinded. The witness was cross-examined on this point by defendants’ attorney. The witness admitted on cross-examination that he was unsure of his testimony: T think it was ... ’; ‘If I could recall ... ’; ‘I could be wrong ... ’; etc.
“The defendants’ attorney stated, ‘We’re totally surprised by this testimony.’
“At a deposition taken after trial the witness admitted his testimony had been wrong. His testimony at deposition is still not clear as to exactly what happened, but he apparently considered the ‘overrides’ arising from ‘services rendered’ as canceled when he sold his stock back to the defendant corporation.
“The court considered the witness’s testimony at trial to have been of relatively little impact. The witness, by his ‘body language,’ as well as his words, indicated he was unsure of his facts at trial. Defendants were aware of his existence before trial and that he had held ‘override agreements’ similar to plaintiff’s ‘override,’ even if they had not discovered he would be called by plaintiff to testify.
“Talley v. Kellogg, 546 So.2d 385 (Ala.1989), is the latest similar case the undersigned has been able to find. The ‘new’ evidence in the case at bar was hotly debated at trial and could have been ‘discovered’ prior to trial. In addition the court is of the opinion that correction of the witness’s testimony would not ‘probably’ change the jury’s verdict. In the court’s opinion, the essential element or factor in the jury’s verdict was the fact that the plaintiff had received her ‘override agreement’ in payment for very substantial services rendered which would otherwise be totally uncompensated and that even though the business prospects looked hopeless at one time it has since in fact prospered. The jury apparently felt she was entitled to the promised fruits of her labor. Accordingly, on this ground, defendants’ motion is DENIED.”
Because we are unable to say that the trial court abused its discretion in denying the defendants’ motion for new trial, we affirm.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.